UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

CHAD TOCCO, DANIELA GONZALEZ,
ADRIAN REYES, and
all others similarly situated under
29 U.S.C. §216(b),

    Plaintiffs,

vs.

SOBE CLUB 323 LLC, a Florida limited liability corporation,
d/b/a TREEHOUSE, and
JEREMY WAKS, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiffs Chad Tocco ("Tocco"), Daniela Gonzalez ("Gonzales"), and Adrian Reyes ("Reyes"), on behalf of themselves and all others similarly situated under 29 U.S.C. §216(b), hereby sue Sobe Club 323 LLC d/b/a Treehouse ("Treehouse") and Jeremy Waks ("Waks") (collectively "Defendants"), and allege as follows:

### Introduction

1. This is an action by Plaintiffs against their former employers for unpaid wages and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiffs seek damages within this court's jurisdictional requirements, reasonable attorneys' fee and costs, and all other remedies allowable by law.

3. The FLSA counts are brought as a collective action pursuant to 29 U.S.C. §216(b).

4. Upon information and belief, Defendants have failed to compensate similarly situated employees in accordance with the FLSA by depriving them of the FLSA's required overtime premium and minimum wage payments.

## Parties, Jurisdiction and Venue

5. Plaintiff Tocco resides in Miami-Dade County, Florida.

6. Plaintiff Gonzalez resides in Miami-Dade County, Florida.

7. Plaintiff Reyes resides in Miami-Dade County, Florida.

8. Treehouse is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

9. Upon information and belied, Waks resides in Miami-Dade County.

10. During the relevant period, Plaintiffs performed work for Defendants in Miami-Dade County, Florida.

11. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiffs in this District, and the claims arose within this Circuit.

A. **Defendants' Business And Interstate Commerce**

12. Defendants operate a popular nightclub in Miami-Beach Florida.

13. Treehouse's annual volume of sales or business exceeded $500,000 annually for every relevant year.

14. At all relevant times, Defendants employed two or more employees, including Plaintiffs, that customarily, continually, and regularly handled goods and materials that i) were

purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

15. Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

16. Defendants, upon information and belief, accept credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

17. Defendants are employers engaged in interstate commerce and subject to the FLSA.

**B. Defendants' Employment of Plaintiffs**.

18. Tocco began working for Defendants in or around March 2013.

19. Tocco ceased working for Defendants on or around April 20, 2019.

20. Tocco worked as a Bartender during his tenure at Treehouse.

21. Gonzalez began working for Defendants in or around April 2014.

22. Gonzalez ceased working for Defendants in or around February 2019.

23. Gonzalez worked as a Bartender during her tenure at Treehouse.

24. Reyes began working for Defendants in or around [INSERT].

25. Reyes ceased working for Defendants in or around [INSERT].

26. Reyes worked as a Bartender during his tenure at Treehouse.

### C. Defendants' Minimum Wage Violations

27. During the Relevant Period, Treehouse paid Plaintiffs less than the full minimum wage required by the FLSA.

28. Instead, Treehouse claimed to be paying Plaintiffs as tipped employees subject to the tip credit minimum wage.

29. Rather than allow Plaintiffs to keep all of their tips, however, Treehouse took a percentage of Plaintiffs' tips.

30. The tips converted by Treehouse went to the "house."

31. The sharing of tips with non-tipped employees is expressly prohibited by the FLSA.

32. The improper tip pooling invalidated the "tip credit" being taken by Treehouse as a matter of law.

33. As a result, Plaintiffs are entitled to the full minimum wage for all hours worked during the relevant period.

34. All tipped employees at Treehouse were subjected to the same unlawful tip pool during the relevant period.

35. All tipped employees are therefore similarly situated to Plaintiffs and are entitled to the full minimum wage during the relevant period.

### D. Defendants' Overtime Violations

36. To make matters worse, Treehouse also failed to compensate Plaintiffs in accordance with the FLSA's overtime provisions.

37. The Plaintiffs would, from time to time, work over forty (40) hours a week during the relevant period.

PERERA BARNHART, P.A.
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

38. This was particularly true during the Winter Music Conference (WMC), a week-long electronic music conference held every March in Miami Beach, Florida.

39. Plaintiffs also worked overtime hours during Art Basel, a yearly art exposition in South Florida.

40. Treehouse never compensated Plaintiffs at one-and-a-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

41. All non-exempt Treehouse employees during the relevant period were also deprived of overtime wages when they worked over forty (40) hours a week.

42. All non-exempt employees are therefore similarly situated to Plaintiffs and are entitled to the full minimum wage during the relevant period.

E. **Wak's Individual Liability**.

43. During some or all of the relevant period, Waks was an owner, corporate officer, and operator of Treehouse

44. During the relevant period, Waks operated the day-to-day activities of Treehouse, had supervisory authority over Plaintiffs and all other similarly situated employees, and was partially or totally responsible for paying Plaintiffs and all other similarly situated employees.

45. Waks was Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

46. Waks regularly visited Treehouse during the relevant period.

47. Waks had operational control of the business.

48. Waks, for example, specifically directed Treehouse employees to serve fake liquor to Treehouse customers.

49. More precisely, Waks would instruct Treehouse employees to pour cheap liquor into empty bottles of more expensive liquor like Grey Goose.

## COUNT I

### MINIMUM WAGE VIOLATIONS BY TREEHOUSE UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED

50. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

51. Upon information and belief, Treehouse's annual volume of sales or business exceeded $500,000 during each calendar year of the relevant period.

52. As part of its business, Treehouse purchased goods and materials that traveled through interstate commerce during the relevant period.

53. During the relevant period, Treehouse obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

54. During the relevant period, Treehouse, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

55. During the relevant period, Treehouse was an employer engaged in interstate commerce and subject to the FLSA.

56. During their employment with Treehouse, Plaintiffs and all other similarly situated Treehouse employees were deprived of minimum wages guaranteed by the FLSA.

57. Plaintiffs and all other similarly situated employees are owed minimum wage back pay.

PERERA BARNHART, P.A.
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

58. In addition, Treehouse is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiffs against Treehouse under the FLSA;

b. Award Plaintiffs actual damages for the unpaid wages;

c. Award Plaintiffs liquidated damages;

d. Award Plaintiffs their attorneys' fees and costs;

e. Award Plaintiffs all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II

### MINIMUM WAGE VIOLATIONS AGAINST WAKS UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED

59. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 35 and 43 through 49 above as if fully set forth herein.

60. During some or all of the relevant period, Waks was an owner, corporate officer, and operator of Treehouse

61. During some or all of the relevant period, Waks operated the day-to-day activities of Treehouse, had supervisory authority over Plaintiffs and all other similarly situated employees, and was partially or totally responsible for paying Plaintiffs and all other similarly situated employees.

62. Waks was Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

63. Plaintiffs are owed unpaid minimum wage compensation pursuant to the FLSA.

PERERA BARNHART, P.A.
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

64. Other similarly situated employees of Defendants were also deprived of minimum wage compensation.

65. Waks is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

WHEREFORE, Plaintiffs respectfully requests that the Court:

a. Enter judgment against Waks under the FLSA;

b. Award Plaintiffs actual damages for the unpaid wages;

c. Award Plaintiffs liquidated damages;

d. Award Plaintiffs attorneys' fees and costs;

e. Award Plaintiffs all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

### COUNT III

### OVERTIME VIOLATIONS BY TREEHOUSE UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED

66. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 26 and 36 through 42 above as if fully set forth herein.

67. Upon information and belief, Treehouse's annual volume of sales or business exceeded $500,000 during each calendar year of the relevant period.

68. As part of its business, Treehouse purchased goods and materials that traveled through interstate commerce during the relevant period.

69. During the relevant period, Treehouse obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going

over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

70. During the relevant period, Treehouse, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

71. During the relevant period, Treehouse was an employer engaged in interstate commerce and subject to the FLSA.

72. During their employment with Treehouse, Plaintiffs and all other similarly situated Treehouse employees were deprived of overtime wages guaranteed by the FLSA.

73. Plaintiffs and all other similarly situated employees are owed overtime back pay.

74. In addition, Treehouse is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiffs against Treehouse under the FLSA;

b. Award Plaintiffs actual damages for the unpaid wages;

c. Award Plaintiffs liquidated damages;

d. Award Plaintiffs their attorneys' fees and costs;

e. Award Plaintiffs all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT IV

### OVERTIME VIOLATIONS AGAINST WAKS UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED

75. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 26 and 36 through 49 above as if fully set forth herein.

76. During some or all of the relevant period, Waks was an owner, corporate officer, and operator of Treehouse

77. During some or all of the relevant period, Waks operated the day-to-day activities of Treehouse, had supervisory authority over Plaintiffs and all other similarly situated employees, and was partially or totally responsible for paying Plaintiffs and all other similarly situated employees.

78. Waks was Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

79. Plaintiffs are owed overtime compensation pursuant to the FLSA.

80. Other similarly situated employees of Defendants were also deprived of overtime compensation.

81. Waks is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

WHEREFORE, Plaintiffs respectfully requests that the Court:

a. Enter judgment against Waks under the FLSA;

b. Award Plaintiffs actual damages for the unpaid wages;

c. Award Plaintiffs liquidated damages;

d. Award Plaintiffs attorneys' fees and costs;

e. Award Plaintiffs all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Respectfully submitted,

*/s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody Shulman, Esq.
Florida Bar No. 92044
brody@pererabarnhart.com
**PERERA BARNHART, P.A.**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Phone: 786.485.5232
*Attorneys for Plaintiff*